Argued October 4, reversed November 6, 1963

## BUFTON ET UX *v.* HOSELEY ET UX

386 P. 2d 471

*H. W. Devlin,* McMinnville, argued the cause for appellants. On the brief were Cummins and Devlin, McMinnville.

*F. P. Stager,* Salem, argued the cause and filed a brief for respondents.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Lusk, Justices.

O'CONNELL, J.

Plaintiffs bring this action to recover rent alleged to be due under a written lease in which plaintiffs are named as the lessors and defendants as the lessees. The case was tried without a jury. Defendants appeal from a judgment in favor of Ina Bufton. The trial court dismissed the complaint as to Kirkwood Bufton.

Plaintiffs owned and operated a golf course. They leased the restaurant and living quarters on the premises to defendants for one year. Defendants failed to meet the monthly payments, and failed to pay for a beer license as required by the lease. After the lease had run about six months plaintiff Kirkwood Bufton attempted to get a liquor license. Defendants testified that Bufton told them that he could secure the license only if he had control of the restaurant. According to their testimony Bufton agreed that if defendants would quit the premises he would absolve them from any liability for rent due under the lease. Ina Bufton did not participate in these negotiations.

The trial court found that Kirkwood Bufton had agreed to discharge defendants from liability in consideration for the surrender of the lease. For this reason the court ordered the complaint dismissed as to Kirkwood Bufton. However, as to Ina Bufton the court concluded that since she had not participated in the agreement to absolve defendants of liability and since there was no evidence that Kirkwood Bufton was Ina Bufton's agent in that transaction, she was entitled to a judgment for the unpaid rent.

Plaintiffs' complaint alleged that "at all times herein mentioned, plaintiffs have been and now are operating a golf course in Neotsu, Oregon, under the firm name or style of Devil's Lake Golf Course, and have filed their assumed business name as such in the office of the County Clerk, Lincoln County, Oregon."

■■ The word "firm" commonly denotes a partnership.[1] The allegation that plaintiffs were operating under a "firm name" may fairly be taken to mean that plaintiffs were operating as a partnership. There was no evidence negativing the allegation that the Devil's Lake Golf Course was operated as a firm. The negotiations and agreement relating to the surrender of the leasehold were clearly related to the operation of the golf course and were, therefore, within the scope of the partnership business.

■ As a partner, Kirkwood clearly had the power to bind the partnership to the agreement discharging defendants from liability. ORS 68.210.

The judgment for Ina Bufton is reversed.

[1] Thomas-Bonner Co. v. Hooven, Owens & Rentschler Co., 284 Fed 377, 380 (D. C. Ohio 1920); Bredhoff v. Lepman et al, 181 Ill App 247 (1913); McCosker v. Banks, 84 Md 292, 35 A 935 (1896); Gustafson v. Taber, 125 Mont 225, 234 P2d 471 (1951); Dodson v. Warren Hardware Co., 162 SW 952 (Tex Civ App 1913).