## UNITED STATES *v.* COOK.

No. 256.   Argued April 19, 1966.—Decided May 23, 1966.

*Jerome M. Feit* argued the cause for the United States. With him on the brief were *Solicitor General Marshall, Assistant Attorney General Vinson* and *Beatrice Rosenberg.*

*Thomas H. Peebles III* argued the cause and filed a brief for appellee, *pro hac vice,* by special leave of Court.

Mr. Justice White delivered the opinion of the Court.

The question presented is whether 18 U. S. C. § 660 (1964 ed.), which prohibits certain embezzlements by employees of "any firm, association, or corporation engaged in commerce as a common carrier," [1] applies to the

---

[1] "Whoever, being a president, director, officer, or manager of any firm, association, or corporation engaged in commerce as a common carrier, or whoever, being an employee of such common carrier riding in or upon any railroad car, motortruck, steamboat, vessel, aircraft or other vehicle of such carrier moving in interstate commerce, embezzles, steals, abstracts, or willfully misapplies, or willfully permits to be misapplied, any of the moneys, funds, credits, securities, property, or assets of such firm, association, or corporation arising or accruing from, or used in, such commerce, in whole

conduct of an employee of an individual doing business as a common carrier. The indictment in this case charged that, while riding on his employer's truck, appellee, "a truck driver for Tolbert Hawkins, an individual engaged in commerce as a common carrier," embezzled approximately $200 from funds of his employer accruing from an interstate shipment of bananas. Holding that the indictment failed to charge an offense within § 660 because it charged that appellee acted as an employee of "an individual" while § 660 forbids the proscribed acts only when committed by employees of a "firm, association, or corporation," the District Court dismissed the indictment. Accord, *Schmokey* v. *United States,* 182 F. 2d 937 (C. A. 10th Cir. 1950). The United States brought a direct appeal pursuant to 18 U. S. C. § 3731 (1964 ed.), and we noted probable jurisdiction, 382 U. S. 953.

Section 660 punishes embezzlements from a common carrier by either (1) "a president, director, officer, or manager of any firm, association, or corporation engaged in commerce as a common carrier," or (2) "an employee of such common carrier riding in or upon any . . . vehicle of such carrier moving in interstate commerce." [2] The present form of the statute dates from the 1948 revision of the Criminal Code. Prior to that time, the separate groups—named executives, and employees riding in vehicles in commerce—were the subject of distinct criminal provisions. 18 U. S. C. § 412 (1946 ed.), like the present § 660, applied to named executives of "any firm, association, or corporation engaged in commerce as

___

or in part, or willfully or knowingly converts the same to his own use or to the use of another, shall be fined not more than $5,000 or imprisoned not more than ten years, or both." 18 U. S. C. § 660 (1964 ed.).

[2] See n. 1, *supra.*

a common carrier." [3]  18 U. S. C. § 409 (a)(5) (1946 ed.) applied to employees of "any carrier," with no express limitation relating to the form of the employer's ownership.[4]  The legislative history—including a 1946 revision expanding the coverage of the section to all modes of transportation—and the prevalent usage of the expression "any carrier" in statutes regulating commerce convincingly establish that § 409 (a)(5) embraced employees of individual proprietorships.  As this much is conceded by appellee, we need not detail that legislative history and common usage here.  Appellee urges, however, that the phrase "firm, association, or corporation" absorbed into § 660 from the earlier executive provision, § 412, is not sufficiently broad to include individual proprietors; that the revision in 1948 therefore narrowed the cover-

---

[3] "Every president, director, officer, or manager of any firm, association, or corporation engaged in commerce as a common carrier, who embezzles, steals, abstracts, or willfully misapplies, or willfully permits to be misapplied, any of the moneys, funds, credits, securities, property, or assets of such firm, association, or corporation arising or accruing from, or used in, such commerce, in whole or in part, or willfully or knowingly converts the same to his own use or to the use of another, shall be deemed guilty of a felony and upon conviction shall be fined not less than $500, or confined in the penitentiary not less than one year nor more than ten years, or both, in the discretion of the court." Act of Oct. 15, 1914, § 9, 38 Stat. 733, 18 U. S. C. § 412 (1946 ed.).

[4] "(a) Whoever shall—

.          .          .          .          .

"(5) being an employee of any carrier riding in, on or upon any railroad car, motortruck, steamboat, vessel, aircraft, or other vehicle of such carrier transporting passengers or property in interstate or foreign commerce and having in his custody funds arising out of or accruing from such transportation, embezzle or unlawfully convert to his own use any such funds; shall in each case be fined not more than $5,000 or imprisoned not more than ten years, or both." Act of Feb. 13, 1913, 37 Stat. 670, as amended, 18 U. S. C. § 409 (a)(5) (1946 ed.).

age of the employee provision; and that this result is compelled by the general canon of construction that criminal statutes are to be strictly construed. The United States counters that the choice of the language used in the predecessor executive provision, rather than that in the predecessor employee provision, was merely a stylistic preference not evidencing any intent to narrow coverage of employee offenders and that a "firm" may be any business organization, whether individually owned or otherwise.

We think the position of the United States is sound and we reverse the District Court. There is no doubt that the 1946 statute covered employees of individuals and in our view it was not intended by adopting the 1948 revision of the Code to make any substantive change in the law by excluding from its coverage the employees of any class of carrier who had been previously covered. The general purpose of the new Code was to "codify and revise . . . . The original intent of Congress is preserved," S. Rep. No. 1620, 80th Cong., 2d Sess., p. 1, and with respect to the new § 660, the reviser's note, while noting the consolidation of a portion of § 409 and § 412 and stating that "[c]hanges were made in phraseology," disclosed no intention of making any change in the substantive content or the coverage of the law. See legislative history note following 18 U. S. C. § 660 (1964 ed.). To us the congressional intent to reach the employees of any carrier, whatever the form of business organization, seems reasonably clear.

Appellee relies principally upon the abandonment of the words "employee of any carrier" and the substitution of the present language of § 660 which does not expressly include the employees of "any person" or "any individual" doing business as a common carrier. But the term "firm" is certainly broad enough in common

usage to embrace individuals acting as common carriers; [5] and in those instances where Congress has explicitly indicated its understanding of the term, the definition of "firm" has included individual proprietorships. 19

---

[5] Some sources define "firm" as "[t]he persons composing a partnership, taken collectively." II Bouvier's Law Dictionary 1232 (1914); see also Ballentine's Law Dictionary 507 (2d ed. 1948); Black's Law Dictionary 761–762 (4th ed. 1951); Crowell's Dictionary of Business and Finance 225 (rev. ed. 1930); Encyclopedia of Banking and Finance 238 (Garcia, 5th ed. 1949). But other dictionaries, while recognizing that narrow definition, also state that the word has a broader meaning in popular usage, connoting any business entity, including individual proprietorships. For example, the standard American reference defines "firm" both as "a partnership of two or more persons not recognized as a legal person distinct from the members composing it" and as any "business unit or enterprise." Webster's Third New International Dictionary—Unabridged 856 (1961). Accord, Clark & Gottfried, Dictionary of Business and Finance 152 (1957) ("Strictly, an unincorporated business carried on by more than one person, jointly; a partnership. . . . In popular usage, any business, company, or concern, incorporated or not."); Dictionary of Business and Industry 218 (Schwartz ed. 1954) ("A business partnership; any business house or organization, no matter what its legal form . . ."); Dictionary of English Law 807 (1959) ("the style or title under which one or several persons carry on business"); Dictionary of Foreign Trade 308 (Henius, 2d ed. 1947) ("The name or title under which one or more persons do business").

While numerous decisions of state courts have enunciated a restrictive definition of "firm"—and in turn have influenced the definition given in law dictionaries, see the citation to *Firestone Tire & Rubber Co.* v. *Webb*, 207 Ark. 820, 182 S. W. 2d 941 (1944), in Black's Law Dictionary, *supra*—such decisions have not involved the issue of whether an individual proprietorship may be deemed a "firm." Typically the question has been whether two or more persons holding themselves out as a firm should be held to constitute a partnership for various purposes of partnership law such as liability on a partnership note, *Firestone Tire & Rubber Co.* v. *Webb, supra,* imputation of knowledge from partners to the partnership, *McCosker* v. *Banks,* 84 Md. 292, 35 A. 935 (1896), or liability of one partner for the acts of another, *Bufton* v. *Hoseley,* 236 Ore. 12, 386 P. 2d 471 (1963).

U. S. C. § 1806 (3) (1964 ed.); 19 U. S. C. § 2022(*l*)(3) (1964 ed., Supp. I).[6]

Nor has any plausible reason been advanced for drawing a distinction between employees of individuals and employees of partnership or corporate common carriers. The possible burden to interstate commerce or the need for federal jurisdiction to supplement state jurisdiction—in view of the frequent difficulty of showing in what State the crime occurred—does not vary with the form of business organization. On the other hand, since a large portion of common carriers are individually owned proprietorships,[7] acceptance of appellee's interpretation of § 660 would exclude a substantial segment of the industry from the coverage of the Act—a result that should not be inferred from the 1948 "changes . . . in phraseology" without some specific indication that Congress had receded from the intention it clearly expressed in 1946 of expanding coverage of the Act to all carriers. See S. Rep. No. 1632, 79th Cong., 2d Sess.

We are mindful of the maxim that penal statutes should be strictly construed. But that canon "is not an inexorable command to override common sense and evident statutory purpose," *United States* v. *Brown,* 333 U. S. 18, 25, and does not "require that the act be given the 'narrowest meaning.' It is sufficient if the words are given their fair meaning in accord with the evident intent

---

[6] The two provisions are identical and read as follows:

"The term 'firm' includes an individual proprietorship, partnership, joint venture, association, corporation (including a development corporation), business trust, cooperative, trustees in bankruptcy, and receivers under decree of any court. . . ."

[7] A random sampling of 1,500 of 11,700 ICC-certificated Class III motor carriers of property (*i. e.,* those with an annual revenue of less than $200,000) showed that at the end of 1964 almost 40% were individually owned and operated. About 1% operated in partnership form, and the remainder operated as corporations. Brief of United States 13, n. 8.

of Congress." *United States* v. *Raynor,* 302 U. S. 540, 552; see also *United States* v. *Bramblett,* 348 U. S. 503; *United States* v. *A & P Trucking Co.,* 358 U. S. 121; *United States* v. *Shirey,* 359 U. S. 255. In this case the fair meaning of the term in dispute—as evidenced by common usage and its statutory meaning in other contexts—and the manifest intention of Congress in using it here lead us to conclude that § 660 encompasses embezzlements by employees of individual proprietorships.

*Reversed.*