**A. Wm. SCHILD, Petitioner,**

v.

**Roland E. BUSCH, Melvin E. Reeh and Hugh R. Wilson, Individually and as Members of the Review Committee of the Waller County A S C Committee of the U. S. Department of Agriculture, and the Review Committee, Respondents.**

**Civ. A. No. 68–H–486.**

United States District Court
S. D. Texas,
Houston Division.

Dec. 6, 1968.

Thomas F. Lay, Pasadena, Tex., for petitioner.

Morton L. Susman, U. S. Atty., and Joel P. Kay, Asst. U. S. Atty., for respondents.

## MEMORANDUM OPINION

NOEL, District Judge.

Petitioner brought this action under the Agricultural Adjustment Act of 1938, 7 U.S.C. §§ 1281–1393, to review an administrative decision that he had exceeded his 1967 peanut acreage allot-

ment. Petitioner's first crop of peanuts in 1967 did not exceed his allotment. Later in the year, however, after harvesting the first crop, petitioner harvested a volunteer peanut crop (one permitted to spring up from seeds left in the ground during the first harvest) from some of the same acreage. Petitioner was notified that the Agriculture Department considers volunteer acreage to be additional acreage and was assessed a penalty for exceeding his acreage allotment. Petitioner appealed this determination to the county committee and then to a review committee pursuant to 7 U.S.C. § 1363 and 7 CFR §§ 711.13–.26 and now seeks review in this Court under 7 U.S.C. §§ 1365, 1366.

The evidence adduced before the review committee has been filed in this Court pursuant to the requirements of 7 U.S.C. § 1365. Neither party questions jurisdiction or the findings of fact made by the review committee, and both have moved for summary judgment. This is an appropriate case for such motions, as the Act does not permit a federal court to receive evidence. 7 U.S.C. § 1366. The sole issue for decision is whether volunteer acreage is additional acreage under the Act and the regulations.

Neither the Act, 7 U.S.C. §§ 1357–1359, nor the regulations, 7 CFR §§ 729.1411–813, contain a definition of peanut acreage, and there is no general definition of acreage for the purposes of the Act, see 7 U.S.C. § 1301(b); 7 CFR §§ 718.2, 719.2. Documents admitted into evidence before the review committee indicate that the Agriculture Department has attempted to close this hiatus by interpreting the term "acreage" as it applies to peanuts in the Act and regulations to include both planted and volunteer acreage.[1] The local officials apparently relied on this asserted administrative interpretation when computing petitioner's acreage and assessing his penalty.[2] Petitioner attacks this interpretation as unreasonable and without support in the Act or regulations. His attack will be sustained.

■ An administrative body's interpretation of its own regulations may be considered by a reviewing court, but is not conclusive. See generally 1 K. Davis, Administrative Law Treatise § 5.11; 4 id. §§ 30.12, .14 (1958 & 1965 Supp.). For two reasons the interpretation urged in the instant case need not be given great weight. In the first place, as will be shown, the interpretation here is an attempt to supply a missing definition rather than a construction of an ambiguous provision. Secondly, for all that appears, the interpretation asserted in this action is no more than a conclusion unsupported by reasoning.[3] In these circumstances

---

1. "A second crop of peanuts which is volunteer is considered as seeded. The volunteer peanuts harvested will be considered as peanut acreage and will count against the effective farm allotment. Any peanuts harvested in excess of the effective farm allotment will be subject to marketing quota penalty." Telegram, Acting Deputy Administrator, Agricultural Stabilization and Conservation Service, United States Department of Agriculture, to the Texas state chairman, College Station, Texas, November 29, 1967.

2. Neither the county committee nor the review committee supported its decision adverse to petitioner with reasoning. If this case involved the application of a general regulation to specific facts, therefore, this Court would be required to remand the matter to the review committee for an exposition of the reasons supporting its conclusion. Stallard v. Review Comm. of United States Dept. of Agriculture etc., 275 F.Supp. 931 (W.D. Va. 1967), and cases cited. No remand for this purpose is necessary here, however, for the only issue before the Court is the abstract one of statutory construction, and the Act authorizes the Court to review questions of law. 7 U.S.C. § 1366. As the Act does not limit the scope of the Court's review of questions of law, the Court need not insist that the committee support its legal conclusions with reasoning.

3. See note 2 supra. See also the telegram quoted in note 1 supra, stating but not explaining the administrative interpretation. The telegram is the only statement of Washington policy in the record.

a court's consideration of the matter must be de novo.

 Of course, the maxims of statutory construction are not absolute, for they are no more than guides to ascertaining the intent of the rule-making body, whether it be Congress or an administrative agency.[4] Yet in this case, in the absence of any persuasive direct evidence of the intent of the Secretary, three of the most useful maxims indicate clearly that the Department's construction of the term "acreage" is erroneous: (1) A specific provision should be construed in the context of the entire regulatory scheme;[5] (2) A specific provision should not be construed to make other provisions mere redundancies;[6] and (3) "A criminal statute is to be construed strictly, not loosely."[7] Other provisions in the marketing quota regulations—the context of the peanut acreage allotment regulations—are inconsistent with the Department's interpretation. General terms intended to apply in more than one part of the regulations are usually defined once, with the definition incorporated by reference elsewhere.[8] In the case of wheat and rice, "acreage" is defined as planted and volunteer acreage,[9] but the peanut regulations contain no similar definitions, nor are the wheat and rice definitions incorporated by reference in the peanut regulations.[10] The administrative interpretation of peanut "acreage" would make superfluous either the definitions of rice and wheat acreage or the elaborate scheme by which definitions in one part are incorporated in others. Moreover, when defining wheat and rice acreage as volunteer as well as planted acreage, the regulations in one case make the definition prospective only,[11] and in another provide that wheat acreage does not include volunteer acreage yielding less than three bushels per acre.[12] "Acreage" thus assumes different meanings at different places in the regulations. The undefined term in the peanut regulations could conceivably take any of these senses, but it is here that the third maxim above assumes relevance.

██ The regulatory scheme created by the Agricultural Adjustment Act of 1938 is enforced by a system of penalties computed according to formulas prescribed in the statute. E. g., 7 U.S.C. § 1359 (peanuts). This is an action to recover a penalty that the agriculture officials withheld from petitioner. Although the Act is not denominated a criminal statute, the purpose and the effect of its penalty provisions are to punish the farmer who has failed to abide by the law and the regulations. The marketing penalty may be compared to a fine, and in an action to recover a penalty a court should construe the provisions establishing the violation as if they were criminal statutes. In this case, petitioner was assessed a penalty for exceeding his "acreage" allotment by harvesting too many acres of

4. E. g., United States v. Cook, 384 U.S. 257, 86 S.Ct. 1412, 16 L.Ed.2d 516 (1966).

5. Richards v. United States, 369 U.S. 1, 11, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962).

6. Jarecki v. G. D. Searle & Co., 367 U.S. 303, 81 S.Ct. 1579, 6 L.Ed.2d 859 (1961).

7. United States v. Boston & M. R. R., 380 U.S. 157, 160, 85 S.Ct. 868, 13 L.Ed.2d 728 (1965).

8. E. g., 7 CFR §§ 711.2(a), 718.2(a), 722.64 (a), .404(a), .504(a), .802(o), 729.1412 (peanuts), 730.1511, referring to definitions set out in Part 719; 7 CFR §§ 723.- 52(a), 724.51(a), 725.51, 728.310, referring to definitions set out in Parts 718–19; 7 CFR §§ 728.1141, 730.2(a), referring to definitions set out in Parts 719–20.

9. 7 CFR §§ 728.310(i), .310(i) (6) (wheat); 730.2(b) (21), .1511(h) (rice); cf. 7 CFR §§ 722.404(b) (3) (i), (ii), (4), .504(b) (3) (i), (4) (distinguishing acreage "devoted to the production of cotton but seeded prior to such year (stub cotton)" from acreage "seeded to cotton").

10. See 7 CFR § 729.1412, the definition section in the peanut regulations.

11. 7 CFR § 730.1511(h).

12. 7 CFR § 728.310(i).

peanuts. In computing his "acreage" the officials counted the land on which petitioner harvested a volunteer crop twice, although arguably the regulations could be construed to require only that no more than the amount of the allotment be *planted* to peanuts. If the third maxim is applicable, the officials may not choose that construction which maximizes petitioner's penalty. As nothing has been advanced that would constrain this Court to adopt the liberal construction of the regulations, they must be strictly construed. A farmer may be penalized only for planting in excess of his allotment. The penalty in this case was improperly assessed.

Petitioner has consistently asserted in these proceedings that he will abide by the regulations. He insists, however, that he is not bound by administrative interpretations not contained in the regulations. Although this position might not be tenable in other circumstances, cf. 1 Davis, supra, chapter 5, here the agricultural officials have endeavored to adopt by interpretation what in other instances they have promulgated by regulation. Such inconsistent, arbitrary conduct cannot be countenanced. The Act, 7 U.S.C. § 1375(b), authorizes the Secretary to "prescribe such regulations as are necessary for the enforcement of this subchapter." It does not permit him to act without notice by administrative interpretation.[13]

■ For the foregoing reasons, the decision of the review committee cannot be sustained. Counsel for petitioner will submit an appropriate order remanding the case to the review committee for further proceedings not inconsistent with this memorandum opinion.

13. There is no evidence in the record indicating whether or not petitioner had notice of the questioned interpretation before he began harvesting his volunteer crop. Were this fact material, the case would be remanded for a further hearing. See 7 U.S.C. § 1366. It is not necessary to remand here, however, for the interpretation urged is inconsistent with the regulations and arbitrary. Therefore, even if petitioner knew of the administrative interpretation before he harvested his volunteer crop, he was justified in his belief that the Secretary could not act in these circumstances except by regulation.