**UNITED STATES of America,
Appellee,**

v.

**Herman Louis WILLIAMS, Appellant.**

**No. 73–1471.**

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 4, 1973.

Decided Oct. 8, 1973.

Richard J. Stahl, Court-appointed counsel, Richmond, Va. (Horwitz, Baer & Neblett, Inc., Richmond, Va., on brief), for appellant.

Raymond A. Carpenter, Asst. U. S. Atty. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and FIELD and WIDENER, Circuit Judges.

FIELD, Circuit Judge:

This case involves the construction of 18 U.S.C. § 922(e), a section of the Gun Control Act of 1968, regulating the shipment in interstate or foreign commerce of firearms and ammunition by common or contract carrier. Section 922(e) makes it unlawful "for any person knowingly to deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, any package or other container in which there is any firearm or ammunition without written notice to the carrier that such firearm or ammunition is being transported or shipped; *except that any passenger who owns or legally possesses a firearm or ammunition being transported aboard any common or contract carrier for movement with the passenger in interstate or foreign commerce may deliver said firearm or ammunition into the custody of the pilot, captain, conductor or operator of such common or contract carrier for the duration of the trip without violating any of the provisions of this chapter.*" (Emphasis added).

In November, 1971, Herman Louis Williams boarded an Altair Air Lines flight from Baltimore, Maryland, to Richmond, Virginia. Before boarding the plane, Williams handed his luggage to the pilot who placed it in the nose cone of the plane where it remained throughout the flight. Williams did not inform the pilot orally or in writing that a firearm was in the luggage. Williams was indicted for violation of 18 U.S.C. § 922(e) and was found guilty by the district judge sitting without a jury.

■ Before the district court and this court Williams has maintained that he qualifies under the exception clause of Section 922(e) which we have emphasized above. It is undisputed that Williams was a passenger who legally owned or possessed the firearm in question which was transported in interstate commerce aboard a common carrier. At issue is whether Williams' transfer of the luggage to the plane's pilot without informing him of its contents satisfied the requirement that the passenger "deliver said firearm * * * into the custody of the pilot." Williams argues that a relinquishment of control is all that the statute requires of a passenger and in support of his argument notes the absence in the exception clause of an express notice requirement such as that imposed on certain shippers.

■■ While it is true that criminal statutes are to be strictly construed and that ambiguities are to be resolved in favor of the defendant, statutes are not to be construed in a manner which would defeat their clear purpose. United States v. Cook, 384 U.S. 257, 262, 86 S.Ct. 1412, 16 L.Ed.2d 516 (1966); United States v. Brown, 333 U.S. 18, 25 and 26, 68 S.Ct. 376, 92 L.Ed. 442 (1948); Stock v. Department of the Air Force, 186 F.2d 968, 972 (4 Cir. 1950). The language of Section 922(e) is manifestly clear in its requirement that firearms and ammunition be brought to the carrier's attention, either by written notice in the case of a shipper or by a delivery into the carrier's custody of the firearm itself in the case of a passenger. Carrying Williams' argument to the absurd extreme, a dealer, barred from shipping a single firearm in interstate commerce aboard a common carrier without giving the carrier written notice,

could ship any quantity of firearms and ammunition in sealed containers and evade the requirement of written notice by the simple expedient of flying as a passenger and carrying the containers as luggage. Such surreptitious traffic in firearms and ammunition was the precise menace at which the Gun Control Act of 1968 was directed. As the court in United States v. Burton, 351 F.Supp. 1372 (W.D.Mo.1972), noted, the entire statutory scheme is aimed at restricting the unchecked movement of firearms and ammunition which undermines legitimate efforts to impose reasonable restrictions upon their possession and use.

The legislative history accompanying Section 922(e) [reported as 922(d)] reveals that the notice requirements were designed "to make more effective the succeeding subsection [enacted as 922(f); reported as 922(e)] which prohibits a carrier from transporting or delivering a firearm in violation of the chapter." 3 U.S.Code Cong. & Ad.News, p. 4420 (90th Cong., 2d Sess.1968). Plainly, if a carrier is not put on notice of a firearm's presence it cannot discharge its legal obligation to insure that the transportation is lawful. The absence of an explicit requirement of notice in the passenger exception was obviously predicated on the common sense belief that delivery of firearms and ammunition into a common carrier's custody would be done in a manner which would make the carrier aware of that fact.

If the Congressional purpose in enacting the Gun Control Act of 1968 is to be realized, "custody" must be construed to mean a transfer of control in a manner which gives the carrier actual notice of the presence of a firearm. Any other construction would be sophistic and effectively defeat that purpose.

Accordingly, the judgment of the district court is

Affirmed.