**UNITED STATES of America**
v.
**Richard CRUM.**
**Crim. A. No. 75-252.**

United States District Court,
W. D. Pennsylvania.

Dec. 2, 1975.

Richard M. Fishkin, U. S. Atty., Washington, D.C., for plaintiff.

Martin M. Sheinman, Pittsburgh, Pa., for defendant.

MEMORANDUM AND ORDER

DEFENDANT'S MOTION TO DISMISS COUNT ONE OF INDICTMENT

KNOX, District Judge.

Defendant has moved to dismiss Count I of the indictment, which alleges violation of 18 U.S.C. § 241. That statute prohibits conspiracies to threaten or intimidate citizens of the United States because of their exercise of a right se-

cured to them by the Constitution or laws of the United States. In this case, the indictment charges that the defendant as part of a conspiracy discharged a firearm into the door of premises occupied by Calvin and Verna Toler, and that the purpose of doing so was to intimidate them not to exercise their right to occupy and enjoy housing without discrimination on the basis of race or color. No one else is indicted.

Defendant's motion to dismiss is premised on the government's failure to prosecute the defendant's co-conspirators. Defendant argues that under the peculiar language of Section 241, one conspirator cannot alone be prosecuted and punished. Defense counsel cites the statute itself as the basis for his argument:

"If two or more persons conspire

. . .

\* \* \* \* \* \*

*They* shall be fined not more than $10,000 or imprisoned not more than ten years, or both; and if death results, *they* shall be subject to imprisonment for any term of years or for life." [Emphasis added]. 18 U.S.C. 241.

The defense argues that according to the statute "they" must be punished, and that since the defendant is the only person indicted, this requirement cannot be met and Count I of the Indictment must be dismissed. We disagree.

The court will assume for present purposes that the defendant's alleged co-conspirators cannot or will not be prosecuted, either because they have been given immunity or for other reasons.

The defendant acknowledges the general rule in conspiracy cases that the absence of one or more co-conspirators does not prevent prosecution of the others. Co-conspirators are commonly absent because their identity is unknown or because immunity, or even a Presidential pardon, has been given. An individual can be convicted and punished for conspiracy even though his fellow conspirators may be immune from prosecution as representatives of a foreign government.[1] Of course, the evidence must show that there were at least two conspirators.[2] Where the evidence of other conspirators is insubstantial and one charged conspirator is acquitted, the conspiracy conviction of the other must fail also.[3] When there are two alleged conspirators, both on trial, it is proper to tell the jury that it is not proper to convict one and to acquit the other.[4] The conviction of some alleged conspirators, however, does not fall merely because others named are acquitted, even though the conviction of the others is logically required for the finding of guilty of those held.[5]

Despite the authorities cited, however, defendant contends that these general principles do not control the specific question raised here under the apparently unique wording of Section 241, which as we have noted provides that "*they* shall be" punished.

The court and counsel have examined several other federal conspiracy statutes

1. *Farnsworth v. Zerbst*, 98 F.2d 541 (5th Cir. 1938).

2. *U. S. v. Gardner*, 475 F.2d 1273 (9th Cir. 1974), cert. den., 414 U.S. 835, 94 S.Ct. 178, 38 L.Ed.2d 70; *U. S. v. Peterson*, 488 F.2d 645 (5th Cir. 1974), cert. den., 419 U.S. 828, 95 S.Ct. 49, 42 L.Ed.2d 53; *U. S. v. Whitfield*, 378 F.Supp. 184 (E.D.Pa.1974), affd., 515 F.2d 507 (3d Cir.).

3. *U. S. v. Gardner*, supra.

4. *U. S. v. Mayr*, 350 F.Supp. 1291 (S.D.Fla. 1972), affd., 487 F.2d 67 (5th Cir.), cert.

den., 417 U.S. 914, 94 S.Ct. 2615, 41 L.Ed.2d 218; cf. *U. S. v. Shuford*, 454 F.2d 772 (4th Cir. 1971).

5. *U. S. v. Robinson*, 503 F.2d 208 (7th Cir. 1974), cert. den., 420 U.S. 949, 95 S.Ct. 1333, 43 L.Ed.2d 427; *U. S. v. Fox*, 130 F.2d 56 (3d Cir. 1942), cert. den. 317 U.S. 666, 63 S.Ct. 74, 87 L.Ed. 535; *U. S. v. Austin-Bagley Corp.*, 31 F.2d 229 (2d Cir. 1929), cert. den., 279 U.S. 863, 49 S.Ct. 479, 73 L.Ed. 1002.

and have found no other statute with this particular wording in the clause authorizing punishment. At least four other formulations appear:

(1) "If two or more persons [conspire] . . . each [of such persons or of the parties] shall be [fined, etc.] . . . ."
See 18 U.S.C. §§ 351, 371, 372, 793(g), 794(c), 956.

(2) "*Whoever* enters into . . . agreement . . . conspiracy . . . *shall be* fined, [etc.]"
See 18 U.S.C. §§ 286, 757, 1403, 1511, 1792, 1951, 2192 and 2271.

(3) "If two or more persons . . . *they shall each*"—
See 18 U.S.C. § 2384.

(4) "*Every person who* . . . *shall be deemed guilty* of a misdemeanor, and, on conviction thereof, *shall be punished* by . . . ."
See 15 U.S.C. §§ 1 and 2, "Sherman Antitrust Act".

Likewise, we have found no other reported decision wherein a court has addressed itself to this problem.

Were the court to apply the principle of statutory construction—and of logic —that different wording should be construed to mean different things and the corollary to that principle that if Congress intended different statutes to mean the same thing, it would have used identical language, the court would then be asked to distinguish five different statutes that obviously mean the same thing. The only logical conclusion to be drawn from these many different formulations is that the statutes were drafted on separate occasions, probably by different people, with no attempt to reconcile their wording by putting them through a computer to flush out these variations as might be done today. As in *United States v. Padilla*, 374 F.2d 782, 788 (2d cir 1967) (Friendly, J., concurring), the present case is but another example of "how draftsmen and revisers can create problems as to the meaning of statutes without busy legislators having any notion what is occurring."

As to the maxim that penal statutes should be strictly construed, we note, as did Judge McCune of this court in *United States v. Rosa*, 404 F.Supp. 602(W. D.Pa.1975), the Supreme Court's comment in *United States v. Cook*, 384 U.S. 257, 86 S.Ct. 1412, 16 L.Ed.2d 516, (1966):

"But that canon 'is not an inexorable command to override common sense and evident statutory purpose,' *United States v. Brown*, 333 U.S. 18, 25, 68 S. Ct. 376, 380, 92 L.Ed. 442, and does not 'require that the act be given the "narrowest meaning". It is sufficient if the words are given their fair meaning in accord with the evident intent of Congress.' "

We note that the United States Supreme Court considered Section 241 at length in *United States v. Guest*, 383 U. S. 745, 86 S.Ct. 1170, 16 L.Ed.2d 239 ·(1966) and *United States v. Price*, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966). Neither of these cases dealt with the specific question raised by the defendant here. However, in the *Price* case, which held that the rights protected by Section 241 included all Constitutional rights including those secured by the Fourteenth Amendment, the Supreme Court indicated that Section 241 should be accorded a broad sweep:

"We believe, with Mr. Justice Holmes, that the history of the event from which § 241 emerged illuminates the purpose and means of the statute with an unmistakable light. We think that history leaves no doubt that, if we are to give § 241 the scope that its origins dictate, we must accord it a sweep as broad as its language. We are not at liberty to seek ingenious analytical instruments for excluding from its general language the Due Process Clause of the Fourteenth Amendment— particularly since the violent denial of legal process was one of the reasons

motivating enactment of the section." 383 U.S. at 801, 86 S.Ct. at 1160, 16 L.Ed.2d at 276.

Price dealt with the predecessor of Section 241, which was amended to its present form by Public Law 90–284, April 11, 1968. The legislative history of that Act appears at 1968 U.S.Code, Cong. and Admin.News, p. 1837. This history in no way suggests an attempt by Congress to limit the application of Section 241. Rather, that amendment, which added Section 245 to the penal code as well as changing the existing Sections 241 and 242, was directed at aiding the salutary purposes contained in the earlier provisions. Specifically referring to the *Guest* and *Price* cases, the Senate Report said the amendment was to assure coverage by the statute of purely private actions that would interfere with Fourteenth Amendment rights, to enhance enforcement efforts by curing certain vagueness problems in the existing statutes, to prohibit individual as well as group conspiratorial acts (through the addition of Section 245), and to graduate the penalties in accordance with the seriousness of the violation, including the imposition of life imprisonment if death resulted from the offense.

In light of this legislative history and the plain words of Section 241, the court is not "at liberty to seek ingenous analytical instruments"[6] to limit and frustrate the enforcement of Section 241. If Congress intended to restrict enforcement of that section by requiring that all conspirators, or none at all, be punished, Congress could easily have said so. It is most implausible that Congress intended by the phrase "they shall be" that the crime be completed only when the Grand Jury indicts a co-conspirator.

The court notes, too, that cases can be found in which only one conspirator was indicted and convicted under Section 241 itself: *United States v. Pacelli*, 521 F.2d 135 (2d cir 1975); *United States v. Robinson*, 503 F.2d 208 (7th cir 1974), cert. den., 420 U.S. 949, 95 S.Ct. 1333, 43 L.Ed.2d 427. Neither of these cases considered the precise question raised here, but implicit in both cases is the holding that two or more persons must conspire for a violation of Section 241 to occur. We in no way quarrel with that holding. We hold only that it is not necessary under Section 241 in order to convict and punish one conspirator, that other conspirators also be indicted and punished. In any event, the precise question raised here would not arise until sentence.

We also note that there appears to be nothing sinister or improper in singling out the defendant Crum for prosecution. The indictment charges that the defendant Crum was the individual who actually fired the gun at the Toler residence.

The motion to dismiss Count I of the indictment will be denied.

## ORDER

And now, to wit, December 2, 1975, upon consideration of the briefs and arguments of counsel and for reasons stated in the foregoing memorandum,

It is ordered that the motion to dismiss Count I of the indictment be and the same hereby is denied.

---

6. *Price*, supra.