**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jose GARCIA VAZQUEZ,
Defendant-Appellant.**

**No. 84–1323.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 9, 1985.

Decided Nov. 29, 1985.

Leslie E. Osborne, Jr., Eric L. Wilson, Honolulu, Hawaii, for plaintiff-appellee.

Ignacio R. Garcia, Honolulu, Hawaii, for defendant-appellant.

Before WALLACE, HUG, and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge.

The appellant, Jose Garcia Vazquez, checked in at Honolulu International Airport for a flight to Manila, Philippines on February 6, 1983. He checked two pieces of luggage. A customs agent searched the bags and found that one contained an Uzi 9 millimeter carbine rifle and 10 boxes of 9 millimeter ammunition. The appellant had no license to export weapons or ammunition and did not request permission of the airline or customs officials to make such a shipment. He was convicted of exporting a firearm without a license in violation of 22

U.S.C. § 2778(b)(2) (1982) and of failure to notify the airline of a firearm shipment in violation of 18 U.S.C. § 922(e) (1982).

In this appeal from those convictions, he argues, first, that he was exempt from license requirements; second, that he was not required to provide actual notice to the carrier of the shipment; and third, that the notification requirements violate fifth amendment protections against self-incrimination. Appellant's first two contentions lack any support and his third has been rejected by this court, en banc, in *United States v. Flores*, 753 F.2d 1499, 1503 (9th Cir.1985). We therefore affirm.

## EXPORTATION WITHOUT A LICENSE

■ The registration and licensing provisions of 22 U.S.C. § 2778(b)(2) plainly require a license for exporting the weapon and ammunition in this case, subject to regulations authorized by the statute. 22 C.F.R. § 123.31(a) (1982) provides that a person may temporarily export up to three non-automatic weapons and up to a thousand rounds of ammunition if the items are intended exclusively for personal protection, hunting, legal shooting, or scientific purposes.[1] The regulation requires, however, that the person declare the weapons to a customs officer and receive authorization for shipment from the District Director of Customs.[2]

Vazquez claims he comes within this exemption because he was carrying fewer than three weapons. However, all of the evidence presented at trial demonstrated that he failed to make his intentions known to the customs officer and did not receive authorization from the Director of Customs for the shipment. He therefore did not come within the exemption from the licensing requirements.

## FAILURE TO NOTIFY THE AIRLINE

■ Under the notification requirements of 18 U.S.C. § 922(e), a passenger need not give written notice to the carrier of a firearms shipment if the passenger delivers the firearms into the custody of the pilot or operator of the carrier for the duration of the trip.[3] The appellant concededly gave no written notice, but contends that when he checked the luggage containing the weapon, he relinquished custody and made a constructive delivery to the pilot which met the requirements of the statute.

This argument has been attempted and rejected in two other circuits. *See United States v. Udofot*, 711 F.2d 831, 837–38 (8th Cir.), *cert. denied*, 464 U.S. 896, 104 S.Ct. 245, 78 L.Ed.2d 234 (1983); *United States v. Williams*, 485 F.2d 1383, 1384–85 (4th Cir.1973), *cert. denied*, 416 U.S. 941, 94 S.Ct. 1947, 40 L.Ed.2d 293 (1974); *see also United States v. One Heckler-Koch Rifle,*

---

**1.** No issue was raised in the trial court as to whether the Uzi would qualify as a non-automatic weapon.

**2.** 22 C.F.R. § 123.31(a) (1982) reads in relevant part:

(a) [D]istrict directors of customs are authorized to permit a United States Citizen or a permanent resident of the United States, after declaration by the individual and inspection by a customs officer, to export temporarily from the United States without a license not more than three non-automatic firearms and not more than 1,000 cartridges therefor. The firearms and accompanying ammunition must be with the individuals (sic) baggage or effects, whether accompanied or unaccompanied (but not mailed), and are intended exclusively for that person's use for legitimate hunting or lawful shorting (sic) purposes, scientific purposes, or personal protection and not for resale.

**3.** 18 U.S.C. § 922(e) (1982) provides:

(e) It shall be unlawful for any person knowingly to deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, any package or other container in which there is any firearm or ammunition without written notice to the carrier that such firearm or ammunition is being transported or shipped; except that any passenger who owns or legally possesses a firearm or ammunition being transported aboard any common or contract carrier for movement with the passenger in interstate or foreign commerce may deliver said firearm or ammunition into the custody of the pilot, captain, conductor or operator of such common or contract carrier for the duration of the trip without violating any of the provisions of this chapter.

629 F.2d 1250, 1253–54 (7th Cir.1980). We join these courts in concluding that the statute should be enforced according to its terms. Section 922(e) plainly requires the passenger to provide to the carrier actual notice of the shipment, either in writing or by physical delivery of the weapons into the carrier's custody in a manner that makes the carrier aware that weapons are being shipped. *See Williams,* 485 F.2d at 1385. Appellant's interpretation would permit wholly undisclosed, unrestricted shipments of weapons as checked baggage. It would prevent the carrier from discharging its obligation under section 922(f) to ensure that any transportation of weapons is lawful. It would thus frustrate the purposes of the Gun Control Act of 1968 which are ably explained more fully in the Fourth Circuit's opinion in *Williams,* with which we are in full agreement.

In view of this court's en banc decision in *Flores,* appellant's fifth amendment challenge to the notification requirements no longer has validity in this circuit and need not be addressed further.

Affirmed.