787 F.2d 593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee
vs.
SHAKIR W. AL-KHAFAJI, Defendant-Appellant.
 85-1298
 United States Court of Appeals, Sixth Circuit.
 3/24/86
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: KENNEDY and CONTIE, Circuit Judges; and GIBSON, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant Al-Khafaji appeals his jury conviction on one count of delivering firearms to a common carrier without notice in violation of 18 U.S.C. Sec. 922(e).
 
 I.
 
 2
 On October 21, 1982 appellant, who had purchased a ticket from Pan Am Airlines to fly to Iraq from Detroit via New York and London, arrived at Detroit Metropolitan Airport to check his baggage. He arrived approximately three hours before his scheduled departure time with two suitcases and a number of boxes. Two Pan Am employees received the baggage from appellant and helped him check it in.
 
 
 3
 Sometime prior to that date the United States Customs Service had received a tip that appellant would be exporting weapons from Detroit Metropolitan Airport in his checked baggage. Three Customs agents were at the airport the day of Al-Khafaji's departure. They went to Pan Am's checked baggage area and retrieved appellant's checked luggage.
 
 
 4
 The agents then conducted a search of appellant's luggage and discovered eight handguns and three shotguns. When the appellant returned to the ticket area, one of the Pan Am employees identified him to the agents. The agents arrested the appellant while he was in the process of boarding the plane. The agents also appropriated from the defendant a briefcase containing documents relating to gun transactions and a list of weapons.
 
 
 5
 On November 18, 1982 appellant was charged in a two count indictment with illegally attempting to export firearms in violation of 22 U.S.C. Sec. 2278, and delivering firearms to a common carrier without notice in violation of 18 U.S.C. Sec. 922(e).[1] At the jury trial, which commenced on May 12, 1983, the government elicited testimony from gun dealers and other individuals concerning gun purchase transactions with, or for, the appellant.
 
 
 6
 The appellant contends that he contacted the Bureau of Alcohol, Tobacco and Firearms (ATF), the United States Customs Service (Customs) and British Airways to inquire about the legality of exporting weapons. He argues that he was informed by individuals at these agencies that there were no regulations governing or restricting the exportation of weapons, and that he was advised to contact his consulate or his government. Appellant's main defense was that the government should be estopped from prosecuting him since government agents with proper authority informed him that his contemplated actions were not illegal.
 
 
 7
 In rebuttal the government called Ms. Frances Lewis, a Customs Inspector, who testified that she occasionally received calls requesting information with respect to the exportation of weapons. She testified that she recalled a conversation concerning hunting weapons, did not recall the appellant's name, and did not recall handguns being mentioned in the conversation.
 
 
 8
 An ATF inspector testified that he could not remember specific phone calls, but that he would advise a non-American citizen taking firearms to another country to contact his consulate or his government. A Customs Inspector, James Glotfelty, testified at trial that he told the appellant, on approximately October 5, 1982, that he could export three long guns without an export license but that handguns were treated differently and appellant would need a license to export handguns. This inspector's business card was found in the appellant's briefcase when he was arrested.
 
 
 9
 A statement prepared by Glotfelty after appellant's arraignment did not mention that appellant was advised of the necessity for a license to export handguns. Although it did state that handguns were treated differently, Glotfelty testified that this omission was unitentional, and that Al-Khafaji represented that he was intending to export shotguns, not handguns. Glotfelty testified that he did not advise appellant that written notice to the airline was necessary in order to take firearms on the plane.
 
 
 10
 Appellant testified that he relied on advice and actions of an ATF agent, Woodburn, who stated that ATF had no regulations concerning weapons going out of the country, and that appellant should contact his consulate. Both sides issued subpoenas for Woodburn, who had ceased working for ATF, but he did not appear at the trial. The defense wanted to argue that the jury was free to infer that Woodburn's absence suggested that his testimony would be favorable to Al-Khafaji. After concluding that the defendant had not exhausted every reasonable effort to locate Woodburn, the court precluded reference to Woodburn's absence as creating an inference favorable to the defendant or the government.
 
 
 11
 The jury found appellant not guilty of violating 22 U.S.C. Sec. 2278 but guilty of violating 18 U.S.C. Sec. 922(e). Subsequently, appellant filed a Motion for Judgment Notwithstanding the Verdict which the trial court treated as a Motion for Acquittal pursuant to Federal Rule of Criminal Procedure 29(c). He argued that his prosecution was barred by the fifth amendment's protection against self-incrimination. Although the trial court granted this motion, this court reversed and remanded for entry of judgment in accordance with the jury's verdict. See United States v. Alkhafaji, 754 F.2d 641 (6th Cir. 1985). Appellant was sentenced to serve fourteen months in prison. On appeal, the defendant raises several assignments of error.
 
 II.
 
 12
 Only one of appellant's assignments of error was raised at the trial court level. Therefore, the other assignments of error are subject only to a 'plain error' standard of review. Fed. R. Crim. P. 52(b). To constitute plain error, the error must be both obvious and substantial. United States v. Smith, 700 F.2d 627 (11th Cir. 1983). It must be so plain as to mandate review, and substantial in that the error resulted in a miscarriage of justice. United States v. Lopez, 575 F.2d 681 (9th Cir. 1978); United States v. Anderson, 654 F.2d 1264 (8th Cir.), cert. denied, 454 U.S. 1127 (1981).
 
 
 13
 The defendant argues that the due process clause mandates that specific intent be an element of 18 U.S.C. Sec. 922(e). We do not believe that the due process clause mandates such a result, see, e.g., United States v. Freed, 401 U.S. 601, 609-10 (1971), and hold that the district court's construction with respect to scienter did not rise to a level of plain error. We similarly conclude that specific intent is, in fact, not a requirement of section 922(e). United States v. Udofot, 711 F.2d 831, 836 (8th Cir.), cert. denied, 464 U.S. 896 (1983).
 
 
 14
 The defendant asserts that he was convicted of a crime not alleged in the indictment since the indictment did not allege that the weapons were being shipped to an unlicensed person. However, the weapons were in his accompanying baggage, and returning baggage to a passenger who is not a licensed importer, manufacturer, dealer, or collector can satisfy the requirement in section 922(e). See, e.g., Udofot, 711 F.2d 831 (8th Cir. 1983); United States v. Williams, 485 F.2d 1383 (4th Cir. 1973), cert. denied, 416 U.S. 941 (1974); United States v. Burton, 351 F. Supp. 1372 (W.D. Mo. 1972), aff'd, 475 F.2d 469 (8th Cir.), cert. denied, 414 U.S. 835 (1973). Therefore, the defendant was not convicted of a crime not charged in the indictment.
 
 
 15
 The defendant argues that the evidence does not support a finding that he violated section 922(e), invoking the 'pilot delivery' exception to the statute. However, we are unwilling to hold that mere delivery to the airline baggage officer of luggage containing the firearms satisfies the actual notice requirement of section 922(e). See Udofot, 711 F.2d 831 (8th Cir. 1983); United States v. One Heckler-Koch Rifle, 629 F.2d 1250 (7th Cir. 1980); United States v. Burton, 351 F. Supp. 1372 (W.D. Mo. 1972), aff'd, 475 F.2d 469 (8th Cir.), cert. denied, 414 U.S. 835 (1973). Therefore, appellant's conviction cannot be overturned on this ground.
 
 
 16
 The defendant next argues that section 922(e) is unconstitutionally vague in that the word 'operator' is not sufficiently defined. We disagree. Udofot, 711 F.2d at 840-41. Moreover, the defendant did not provide notice to any airline official that he was checking baggage containing firearms.
 
 
 17
 The defendant also objects to a portion of the court's jury instructions regarding burden of proof. We have reviewed the court's instructions and conclude that even if the court erred, these instructions did not rise to the level of plain error.
 
 
 18
 The only assignment of error raised by the defendant at trial relates to the district court's decision to preclude reference to former ATF agent Woodburn's absence as raising an inference favorable to either party. We believe that the district court's reasoning is persuasive. Since the defendant did not exhaust every reasonable means to locate Woodburn, such an inference in favor of the defendant could not be supported. Since this witness was not within the peculiar power of the government, see United States v. Blakemore, 489 F.2d 193 (6th Cir. 1973), such a ruling was within the trial court's discretion. United States v. Sutton, 732 F.2d 1483, 1492 (10th Cir. 1984), cert. denied, 105 S. Ct. 903 (1985); United States v. Bramble, 680 F.2d 590, 590 (9th Cir.), cert. denied, 459 U.S. 1072 (1982).
 
 
 19
 Accordingly, the defendant's conviction is AFFIRMED.
 
 
 
 *
 The Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Section 922 provides:
 It shall be unlawful for any person knowingly to deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, any package or other container in which there is any firearm or ammunition without written notice to the carrier that such firearm or ammunition is being transported or shipped; except that any passenger who owns or legally possesses a firearm or ammunition being transported aboard any common or contract carrier for movement with the passenger in interstate or foreign commerce may deliver said firearm or ammunition into the custody of the pilot, captain, conductor or operator of such common or contract carrier for the duration of the trip without violating any of the provisions of this chapter.