Arthur J. **BARTON**, Plaintiff,

v.

**INDUSTRIAL COMMISSION OF the STATE OF UTAH, and River Ranches, a Limited Partnership, Defendants.**

No. 20686.

Supreme Court of Utah.

July 29, 1986.

---

Virginius Dabney, Salt Lake City, for plaintiff.

David L. Wilkinson, Atty. Gen., Salt Lake City, K.L. McIff, Richfield, for defendants.

Glen E. Davies, Salt Lake City, for Utah Farm.

DURHAM, Justice:

This is an appeal from an order of the Industrial Commission denying workers' compensation benefits to the plaintiff because his employer, River Ranches, was an exempt "agricultural employer" under U.C.A., 1953, § 35–1–42(2)(b) (Supp.1986). The sole issue before us is whether the term "firm" as used in that statute includes a partnership.

Section 35–1–42(2)(b) exempts agricultural employers who "employ five or fewer persons other than immediate family members" from the requirement of maintaining workers' compensation insurance. The term "employer" is defined in subsection (2)(a) of the statute as "[e]very person, firm or corporation ...." River Ranches is a family partnership having five or fewer non-family employees. The plaintiff's position is that it is not exempt because it is not a person, a firm, or a corporation. We reject that contention for the following reasons.

First, the word "firm" has traditionally been held to include partnerships. *Black's Law Dictionary* 578 (5th ed. 1979), for example, defines "firm" as a "business entity or enterprise," an "unincorporated business," or a "partnership of two or more persons." In *Bufton v. Hoseley*, 236 Or. 12, 386 P.2d 471 (1963), the defendants claimed that the plaintiff's complaint was faulty in referring to a firm rather than to a partnership. The court found the allegations of the complaint sufficient, noting that the word "firm" commonly denotes a partnership. *Id.* 386 P.2d at 472. Similarly, in *Ramirez v. United States*, 514 F.Supp. 759 (D.P.R.1981), the court was faced with interpreting the word "firm" as it appeared in the Food Stamp Act. The court stated, "[W]e are dealing with a conventional term which means name, style or title under which a company transacts business and which is synonymous with company, house, commercial house, partnership and concern." *Id.* at 764. *See also Wood v. Universal Creditors Ass'n*, 112 Ga.App. 203, 144 S.E.2d 462 (1965); *Firestone Tire & Rubber Co. v. Webb*, 207 Ark. 820, 182 S.W.2d 941 (1944) (word "firm" is synonymous with partnership); *Thomas-Bonner Co. v. Hooven, Owens & Rentschler Co.*, 284 F. 377 (D.Ohio 1922) ("firm" in its common acceptance implies partnership).

Second, the legislative history of section 35–1–42 clearly indicates an attempt to exempt small family farms, whatever their organizational form, from the requirement of workers' compensation insurance. In 1975, the Utah Legislature amended section 35–1–42, limiting the agricultural exemption to those employers whose work forces consisted primarily of family members. Throughout the floor debate, legislators described the exemption as applying only to family farms. Utah House of Representatives, Debate on Senate Bill 26 (March 5, 1975). Nowhere in the legislative history does there appear any distinction between various organizational and ownership forms of family farms.

Third, to construe the exemption as excluding partnerships makes no sense practically or conceptually. A corporation, like a partnership, is a separate legal entity, inanimate and incapable of family relationships. However, a corporation is specifically included as an employer who may take advantage of the family farm exception granted under section 35–1–42. To distinguish between a corporation and a partnership in the context of the family farm exemption would elevate legal technicalities to undeserved heights.

Thus, we rely on long-held legal principles, legislative intent, and common sense in holding that the exemption granted in section 35–1–42 includes otherwise eligible partnerships.

Affirmed.

WE CONCUR:

HALL, C.J., STEWART and HOWE, JJ., and DAVID B. DEE, District Judge, concur.

ZIMMERMAN, Justice, having disqualified himself, does not participate herein; DEE, District Judge, sat.