**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Herbert Theron DUNN, Defendant-Appellant.**

No. 86–5385.

United States Court of Appeals, Eleventh Circuit.

April 3, 1987.

Geoffrey C. Fleck, Ordonez, Friend & Fleck, Richard A. Friend, Miami, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Theresa M.B. Van Vliet, Nancy L. Worthington, Sonia Escobio O'Donnell, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before GODBOLD and ANDERSON, Circuit Judges, and SWYGERT *, Senior Circuit Judge.

PER CURIAM:

Herbert Theron Dunn was indicted for knowingly delivering firearms to a common carrier for transportation in foreign commerce without having given written notice

---

* Honorable Luther M. Swygert, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by

designation.

to the carrier. The parties have stipulated that: (1) Dunn checked luggage containing firearms with the personnel of Faucett Airlines; (2) Faucett is a common carrier within the meaning of the statute; (3) Dunn failed to notify Faucett Airlines orally or in writing that his luggage contained the firearms specified in the indictment; and (4) when arrested, Dunn did not have any firearms on his person or in his carry-on luggage.

At trial, Dunn filed a motion in limine. He sought a ruling from the district court that the passenger exception to 18 U.S.C. § 922(e)[1] afforded him a defense against criminal liability because he had delivered the luggage containing the firearms to the operator of the plane by checking them with the ticket agent before boarding. In effect, Dunn argued that by delivering the luggage containing the firearms into the custody of the carrier he met the requirements of § 922(e). The government contended that the provisions of § 922(e) require more than the relinquishment of custody. Instead, it argued that § 922(e) requires a person transporting firearms to give notice to the carrier either in writing or by placing the firearms in the physical custody of the pilot. Adopting the government's construction of § 922(e), the court denied Dunn's motion in limine. Dunn thereafter entered a conditional plea of guilty and was sentenced to 90 days imprisonment to be followed by three years probation.

The sole narrow issue presented on appeal is one of statutory construction—whether or not § 922(e) requires a passenger to notify the airline that it will be carrying firearms. We believe that the plain meaning of the statute and the legislative history behind its adoption counsel against adopting Dunn's construction of the passenger exception. Section 922(e) generally requires that a person shipping firearms provide the carrier with written notice. The passenger exception exempts from the written notice requirement those passengers who transport a firearm aboard a carrier and who deliver the firearm into the "custody" of the pilot, captain, conductor or operator. This plain language of the statute clearly indicates that its purpose is to effect delivery of the firearm in a manner that makes the carrier aware that a firearm is being transported. *See United States v. Garcia-Vazquez,* 777 F.2d 494, 496 (9th Cir.1985); *United States v. Williams,* 485 F.2d 1383, 1385 (4th Cir. 1973), *cert. denied,* 416 U.S. 941, 94 S.Ct. 1947, 40 L.Ed.2d 293 (1974).

Moreover, the legislative history of § 922(e) reveals that this notice requirement was designed to make § 922(f) more effective. *See Williams,* 485 F.2d at 1385. Section 922(f) prohibits carriers from transporting firearms in violation of the statute. Thus, the notice requirements of § 922(e) were intended to enable the carrier to discharge its legal obligation under § 922(f). Dunn's interpretation of § 922(e) would allow one to transport undisclosed shipments of firearms and thereby frustrate the purposes of the statute. *See Williams,* 485 F.2d at 1384–85; *see also United States v. Udofot,* 711 F.2d 831, 837–38 (8th Cir.), *cert. denied,* 464 U.S. 896, 104 S.Ct. 245, 78 L.Ed.2d 234 (1983).

In light of these factors, we adopt an interpretation of § 922(e) which construes "custody" to mean the transfer of control in a manner which gives the carrier actual notice of the presence of a firearm. This interpretation accords with that given the statute by the Fourth, Eighth and Ninth

1. 18 U.S.C. § 922(e) provides:
It shall be unlawful for any person knowingly to deliver or cause to be delivered to any common or contract carrier for transportation or shipment in interstate or foreign commerce, to persons other than licensed importers, licensed manufacturers, licensed dealers, or licensed collectors, any package or other container in which there is any firearm or ammunition without written notice to the carrier that such firearm or ammunition is being transported or shipped; except that any passenger who owns or legally possesses a firearm or ammunition being transported aboard any common or contract carrier for movement with the passenger in interstate or foreign commerce may deliver said firearm or ammunition into the custody of the pilot, captain, conductor or operator of such common or contract carrier for the duration of the trip without violating any of the provisions of this chapter.

Circuits. Since Dunn has stipulated that he did not relinquish the firearms in question in a manner which would have provided notice to the airline that it was carrying firearms, the district court was not in error when it denied Dunn's motion in limine.

For the foregoing reasons, the decision of the district court is

AFFIRMED.