**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gary L. SMITH, Defendant–Appellant.**

No. 88–5394.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 24, 1989.

Decided May 12, 1989.

John W. Gill, Jr., U.S. Atty. and Curtis Collier, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Chattanooga, Tenn., for the U.S., plaintiff-appellee.

William B. Carter (argued), Chattanooga, Tenn., for Gary Lynn Smith, defendant-appellant.

Before KEITH, JONES, and GUY, Circuit Judges.

KEITH, Circuit Judge.

Defendant, Gary Lynn Smith, appeals from the judgment of conviction entered by the district court following his conditional guilty plea to a one-count indictment charging him with being a convicted felon in possession of firearms, 18 U.S.C. § 3575. Smith reserved the right to contest the applicability of 18 U.S.C. § 3575 to him. For the reasons set forth below, we affirm.

## I.

The facts of the underlying offense in this case, as the subject of a guilty plea, are not in dispute. Smith was arrested on April 24, 1987, in the possession of several weapons. Having previously been convicted of numerous offenses punishable by im-

---

6. We do not express any opinion regarding the issues of prejudgment interest and attorney fees.

prisonment for terms exceeding one year, Smith was indicted on October 13, 1987, for violating 18 U.S.C. § 922(g). On October 29, 1987, the government filed a notice of its intention to prosecute Smith as a dangerous special offender pursuant to 18 U.S.C. § 3575(a). Smith entered into a plea agreement wherein he agreed to plead guilty but reserved the right to contest the applicability of 18 U.S.C. § 3575 to him. Smith entered his plea pursuant to this agreement on December 11, 1987. On March 23, 1988, the district court conducted the hearing mandated by 18 U.S.C. § 3575(b) to determine whether Smith qualified as a dangerous special offender. At. the conclusion of that hearing, the district court denied Smith's objections to enhanced sentencing under § 3575, determined that Smith qualified as a dangerous special offender, and sentenced Smith to a term of incarceration of ten years.[1]

## II.

Smith's primary argument on appeal is that he is not subject to the provisions of 18 U.S.C. § 3575. Specifically, Smith argues that 18 U.S.C. § 3575 was repealed on November 1, 1987, the effective date of the comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, 98 Stat. 1837 (1984) ("the Act"), and the sentencing reform provisions contained therein. Smith bases his argument on the language of the Act as it was originally enacted, which provided, in relevant part, that:

Sec. 235(a)(1) This chapter shall take effect on the first day of the first calendar month beginning thirty-six months after the date of enactment, ...

(b)(1) The following provisions of law in effect on the day before the effective date of this Act shall remain in effect for five years after the effective date as to an individual convicted of an offense or adjudicated to be a juvenile delinquent before the effective date and as to a term of imprisonment during the period described in subsection (a)(1)(B): ...

(F) The maximum term of imprisonment in effect on the effective date for an offense committed before the effective date.

Pub.L. No. 98–473 Sec. 235, 98 Stat. 1837, 2031–32 (1984). On December 7, 1987, Congress amended Section 235(a) to read, in relevant part:

Sec. 235(a)(1) This chapter shall take effect on the first day of the first calendar month beginning thirty-six months after the date of enactment and shall apply only to offenses committed after the taking effect of this chapter,....

\* \* \* \* \* \*

Sec. 235(b)(1) The following provisions of law in effect on the day before the effective date of this Act shall remain in effect for five years after the effective date as to an individual who committed an offense or act of juvenile delinquency before the effective date....

Pub.L. No. 100–182, 101 Stat. 1266. Smith argues that, despite any subsequent amendments, 18 U.S.C. § 3575 was repealed on November 1, 1987, and the Act became effective as to all defendants not yet convicted.

As the district court noted, it is clear that Congress intended to replace the sentencing enhancement provisions of 18 U.S.C. § 3575 with the new sentencing guidelines. However, the difficulty with Smith's argument is that it supposes, contrary to reason, that Congress intended that defendants who were indicted before November 1, 1987, but not yet convicted, would be subject to no sentence enhancement provisions whatsoever.

It serves well to recall that "[i]t is the duty of a court in construing a federal statute to discover and carry out the intent of Congress." *United States v. Underhill*, 813 F.2d 105, 111 (6th Cir.), *cert. denied*, 482 U.S. 906, 107 S.Ct. 2484, 96 L.Ed.2d 376 and *cert. denied*, 483 U.S. 1022, 107 S.Ct. 3268, 97 L.Ed.2d 766 and *cert. denied*, —— U.S. ——, 108 S.Ct. 81, 98 L.Ed.2d 43, and *cert. denied*, —— U.S. ——, 108 S.Ct. 141, 98 L.Ed.2d 98 (1987). In *Underhill*, we discussed our responsibility when that in-

---

**1.** The maximum term authorized for a violation of 18 U.S.C. § 922(g) is five years.

tent conflicts with the literal language of the statute:

> When the intent of Congress is expressed in "reasonably plain terms," a court must ordinarily treat that language as conclusive. *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570, 102 S.Ct. 3245, 3249, 73 L.Ed.2d 973 (1982). Nevertheless, it is the intention of Congress that controls, and a result contrary to the literal meaning of the words is justified when "the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters...." *Id.* at 571, 102 S.Ct. at 3250.

813 F.2d at 111.

When viewing the intent of Congress here, it is evident that Congress intended that defendants would be sentenced under pre-existing law for offenses occurring before November 1, 1987. This intention is apparent not only from the language of the December 7, 1987, amendment, but also from the Senate Report on the Act as it was originally enacted:

> The title will apply to any offense or other event occurring on or after the effective date. A sentence imposed before the effective date of the guidelines as to an individual imprisoned or on probation or parole on that date would not be affected by this Title. *As to an offense committed prior to the effective date, the pre-existing law will apply as to all substantive matters including the imposable sentence. If a trial occurs or a sentence is imposed on or after the effective date for an offense committed before the effective date, the procedural and administrative provisions of the Title will apply except to the extent that such provisions are inconsistent with the pre-existing law.*

S.Rep. No. 225, 98th Cong. 2nd Sess., 189, *reprinted in* 1984 U.S.Code Cong. and Ad. News 3182, 3372 (emphasis supplied).

In the path of this clear road of congressional intent stands the plain language of the Act as enacted. However, to accept the literal language of the Act as it appeared prior to December 7, 1987, is to countenance a result with no basis in reason. Certainly, Congress did not intend to create a window within which no sentencing enhancement is permissible for those defendants who (a) committed crimes prior to November 1, 1987, and (b) were convicted between November 1, 1987 and December 7, 1987.[2] Because a myopic allegiance to the literal language of the Act produces such an "absurd" result, we conclude that the district court was justified in "look[ing] beyond the words to the purpose of the [A]ct." *United States v. American Trucking Associations, Inc.*, 310 U.S. 534, 543, 60 S.Ct. 1059, 1063, 84 L.Ed. 1345 (1940).[3]

We have reviewed Smith's other assignment of error, and find it to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court, the Honorable R. Allan Edgar, Eastern District of Tennessee, is affirmed.

---

**2.** Indeed, as the district court implied, it is more reasonable to conclude that Congress, in amending the Act, was primarily concerned with constitutional challenges to the applicability of the *new* sentencing guidelines to crimes committed before the effective date of the Act, rather than the applicability of the *old* sentencing provisions to crimes committed before November 1, 1987. Memorandum at 3–4, *citing Miller v. Florida*, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (application of state sentencing guidelines statute to crime committed before effective date of statute violates ex post facto clause of the United States Constitution, Art. I, § 9, cl. 3; Art. I, § 10, cl. 1).

**3.** Our result is further supported by the statutory provision dealing with the repeal of statutes as affecting existing liabilities, 1 U.S.C. § 109, which provides, in relevant part, that:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

As noted by the district court, the Act does not "expressly provide" that those who commit crimes before the effective date of the Act may not be sentenced pursuant to 18 U.S.C. § 3575.