

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2003

# USA v. Jefferson

Precedential or Non-Precedential: Non-Precedential

Docket 02-1372

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Jefferson" (2003). *2003 Decisions.* Paper 886.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/886

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———————

No. 02-1372

———————

UNITED STATES OF AMERICA

v.

CARL JEFFERSON,
                                  Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 00-cr-00469)
District Judge:  Hon. James T. Giles

———————

Submitted Under Third Circuit LAR 34.1(a)
December 19, 2002

Before:  SLOVITER, McKEE, and ROSENN, Circuit Judges
(Filed                    )

———————

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Appellant Carl Jefferson, pursuant to a plea agreement with the Government, pled guilty to the following three counts on which he was indicted: 1) possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(D); 2) carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); 3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Although the plea agreement provided that the Government could move pursuant to U.S.S.G. § 5K1.1 for a sentence below the mandatory minimum term, it gave the Government discretion whether to do so and the Government did not so move.   On appeal, Jefferson argues that the District Court erred when it did not inquire why the Government did not file a motion for downward departure.  In the alternative, Jefferson seeks a remand so that he can assert in the District Court a claim of ineffective assistance of counsel for failing to challenge the Government's decision not to file for a downward departure.

**I.**

We write only for the parties who are familiar with the facts, which are undisputed. We therefore refer to the facts only briefly.

In response to a telephone call of a man with a gun, two Philadelphia police officers found Jefferson, fitting the description telephoned by a patron of the adjacent bar, standing on the sidewalk outside of the bar.  After Jefferson made a motion as if dropping something and attempted to cross the street, the officers stopped him and picked up on the curb where defendant was standing a .38 caliber revolver loaded with three rounds of ammunition and

2

an obliterated serial number. They took Jefferson into custody, searched him in his cell upon returning to the police precinct, and found 138 bags of "crack" cocaine, 28 bags of marijuana and $173 in cash in Jefferson's shoes and underwear. Jefferson was in possession of approximately 10.3 grams of crack, and less than 50 kilograms of marijuana.

Jefferson had two prior felony drug convictions and was ultimately charged with the three drug offenses referred to above. Jefferson pled guilty on all three counts and entered into the plea agreement with the Government. App. at 16. Although Jefferson could have been sentenced to imprisonment from 262 to 327 months because he was a career offender, the District Court granted his motion for a downward departure pursuant to U.S.S.G. § 4A1.3 and sentenced him to 180 months imprisonment, the statutory minimum term.

## II.

Jefferson argues that the District Court had an obligation to inquire why the Government had not exercised its discretionary authority under the plea agreement to move for a downward departure pursuant to U.S.S.G. § 5K1.1. Jefferson offers no support for this contention, and we know of none. A defendant has the right to challenge the Government's decision not to move for a departure notwithstanding a plea agreement and the defendant must then prove bad faith or a violation of the Constitution on the part of the Government. Here, Jefferson did not challenge the Government's exercise of its discretion, and no case, certainly none in this circuit, holds that the District Court must initiate an inquiry when the Government does not make a departure motion. See United

States v. Isaac, 141 F.3d 477, 481 (3d Cir. 1998) (government must make § 5K1.1 motion before District Court can depart).

We agree with the Government that the District Court can not be held responsible for not asserting an issue defendant did not raise. Analogizing the plea to a contract, under contract law the District Court would not be obligated to raise issues of breach that neither party has raised on its own.

Jefferson's counsel suggests that because trial counsel did not raise the issue of the Government's failure to move for a downward departure, Jefferson may claim ineffective assistance of counsel in the District Court. Such a claim should be taken up "in a collateral proceeding under 28 U.S.C. § 2255." United States v. Sandini, 888 F. 2d 300, 312 (3d Cir. 1988). This case fails to meet the narrow exception covering an obvious conflict of interest between defense counsel and the defendant's interest evidenced by the record. Moreover, as appellate counsel was also trial counsel, it is not an issue to be considered on direct appeal.

**III.**

For the reasons set forth, we will affirm the judgment of conviction and sentence.

_____

TO THE CLERK:

     Please file the foregoing opinion.


     _____
     Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

————————

No. 02-1372

————————

UNITED STATES OF AMERICA

v.

CARL JEFFERSON,
                                                    Appellant

————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 00-cr-00469)
District Judge:  Hon. James T. Giles

————————

Before:  SLOVITER, McKEE, and ROSENN, Circuit Judges

JUDGMENT

This cause came on to be heard on the record from the United States District Court

for the Eastern District of Pennsylvania and was submitted pursuant to Third Circuit LAR

34.1(a) on December 19, 2002.

On consideration whereof, it is now here ORDERED AND ADJUDGED by this

Court that the judgment of the said District Court entered January 25, 2002, be, and the

same is, hereby affirmed.  All of the above in accordance with the opinion of this Court.

ATTEST:

_____
Clerk

Dated:_____

January 9, 2003


TO:            Marcia M. Waldron, Clerk


FROM:          Judge Sloviter


RE:            United States v. Carl Jefferson
               No. 02-1372


Dear Marcy:

        Enclosed for filing is the not precedential opinion in the above case which
has been cleared in accordance with our procedure.  A signed original will be delivered to
your office.



DKS/mv                          DKS
Enclosure


cc:    Judge McKee (w/copy of opinion)
       Judge Rosenn (w/copy of opinion)