06-0131-cr
U.S. v. Whitley

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2007

Heard:  April 14, 2008                    Decided:  June 16, 2008

Petition for rehearing submitted:  August 7, 2008
Petition for rehearing decided:    August 26, 2008

Docket No. 06-0131-cr

- - - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,
        Appellee,


                v.


LATIE WHITLEY,
        Defendant-Appellant.
- - - - - - - - - - - - - - - - - -

Before: NEWMAN, SACK, and B.D. PARKER, <u>Circuit Judges</u>.

    On petition by the United States of America for rehearing.

Rehearing denied.

                            Michael J. Garcia, U.S. Atty., Anjan
                              Sahni, Jonathan S. Kolodner, Asst.
                              U.S. Attys., New York, N.Y.,
                              submitted a brief for Appellee.

JON O. NEWMAN, <u>Circuit Judge</u>.

    The Government has petitioned for review of our decision

declining to depart from the literal wording of the "except" clause

of 18 U.S.C. § 924(c)(1)(A). <u>See</u> <u>United States v. Whitley</u>, 529 F.3d

1

150 (2d Cir. 2008).  The petition mainly repeats arguments we have previously considered and rejected.  The petition also endeavors to counter our statement that, other than the contrary authority concerning the "except" clause, which we acknowledged, "[w]e are aware of no decision rejecting the literal meaning of statutory language to the detriment of a criminal defendant." Id. at 156.  Assuring us that "[c]ourts have often declined to apply the literal meaning of a statute . . ., even where the literal interpretation [sic] of the statute would favor the defendant," Pet. for Reh'g 16 (emphasis added), the Government calls three decisions to our attention.

In United States v. Brown, 333 U.S. 18 (1948), a statute required a sentence for escape or attempted escape to begin upon the expiration of "any sentence under which such person is held at the time of" the escape or the attempt. 18 U.S.C. § 753h (1946).  The issue, as stated by the Supreme Court, was whether "any sentence" referred to "the particular sentence being served when the attempt occurs or at the expiration of the aggregate term of consecutive sentences then in effect, of which the one being served is the first." Brown, 333 U.S. at 19.  The Court concluded that the statute "on its face and taken in its entirety sufficiently expresses the congressional mandate that the sentence for escape is to be superimposed upon all prior sentences," id. at 25, i.e., at the expiration of the consecutive sentences being served at the time of the attempt.  The Court

-2-

recognized that it was not giving the statute a strict construction, normally applicable to criminal statutes, see id. at 25-26, but there is no suggestion that the Court thought it was departing from the literal wording of the statute.

In United States v. Cook, 384 U.S. 257 (1966), a statute prohibited embezzlements by employees of "any firm, association or corporation engaged in commerce as a common carrier." 18 U.S.C. § 660 (1964). The issue was whether "firm" included an individual proprietor. The Court concluded that it did. "[T]he term 'firm' is certainly broad enough in common usage to embrace individuals acting as common carriers[.]" Cook, 384 U.S. at 260-61 (footnote omitted). Again, the Court recognized that it was not giving the statute a strict construction, id. at 262, but it was not departing from the literal wording of the statute.

The third of the Government's cases, United States v. Smith, 874 F.2d 371 (6th Cir. 1989), is the only one in which the literal language of a criminal statute was disregarded to the detriment of a defendant. A transition provision of the Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, 98 Stat. 1837 (1984), stated that specified provisions of law "shall remain in effect for five years after the effective date as to an individual convicted of an offense . . . before the effective date . . . ." Id. § 235(b)(1) (emphasis added). Recognizing an apparent drafting error inconsistent with the

-3-

Senate Report on the Act, Congress quickly amended section 235(b)(1) to change "convicted" to "committed." See Pub. L. No. 100-182, 101 Stat. 1266.

The Sixth Circuit declined to follow the literal wording of the unamended provision because, in the circumstances of the defendant's case, to do so would have resulted in the defendant being subject to no sentence at all, "a result with no basis in reason." Smith, 874 F.2d at 373. The Court relied on the explicit indication of Congressional intent contained in the Senate Report on the original Act, which stated, "As to an offense committed prior to the effective date, the pre-existing law will apply . . . ." S. Rep. No. 225, 98th Cong., 2d Sess., 189, reprinted in 1984 U.S.C.C.A.N. 3182, 3372 (emphasis added). See Smith, 874 F.2d at 373.

Unlike the situation in Smith, the literal wording of the "except" clause of 18 U.S.C. § 924(c)(1)(A) does not lead to a result "with no basis in reason," and is not contrary to an explicit statement of Congressional intent. The literal wording leaves no defendant unsentenced. Indeed, as we pointed out, Whitley, 529 F.3d at 155, it leaves sentencing judges free to impose precisely the same number of years that the Government contends should have been imposed on Whitley, but authorizes them to do so as a matter of discretion, not as a requirement.

The petition for rehearing is denied.

-4-