

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-26-2009

# USA v. Jefferson

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4782

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Jefferson" (2009). *2009 Decisions.* Paper 1314.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1314

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-170                                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-4782

UNITED STATES OF AMERICA

v.

CARL JEFFERSON,
                                            Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-00-cr-00469-001)
District Judge: Honorable Petrese B. Tucker

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2009

Before: BARRY, AMBRO and SMITH, Circuit Judges

(Opinion filed: May 26, 2009)

OPINION

PER CURIAM

    Appellant Carl Jefferson appeals from an order of the District Court denying his

"petition for writ of audita querela and/or error coram nobis."  We will affirm.

    Pursuant to a plea agreement with the Government, Jefferson pleaded guilty in

March of 2001 to the following three counts on which he was indicted: 1) possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(D); 2) carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and 3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The District Court granted his motion for a downward departure, and Jefferson was sentenced to a 180 month aggregate term of imprisonment. We affirmed Jefferson's conviction and sentence on direct appeal. See United States v. Jefferson, 57 F. App'x 934 (3d Cir. 2003).

In February of 2004, Jefferson filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The District Court denied the motion and denied reconsideration. Jefferson took no further action until four and one half years later when he filed the instant application purporting to seek relief pursuant to the All Writs Act, codified in 28 U.S.C. § 1651, and specifically through the writs of audita querela and coram nobis. In that application Jefferson urged the District Court to adopt the holding of the Second Circuit's opinion in United States v. Whitley, 529 F.3d 150 (2d Cir.), reh'g denied, 540 F.3d 87 (2d Cir. 2008), in order to invalidate his sentence enhancement for using a firearm during the commission of a drug crime.[1] The District Court denied the

---

[1] In Whitley, a panel of the Second Circuit found that a consecutive ten-year minimum sentence for discharge of a firearm pursuant to 18 U.S.C. § 924(c)(1)(A)(iii), did not apply to a defendant who was also subject to a fifteen-year minimum sentence provided by ACCA's "three strikes" rule under §§ 922(g)(1) and 924(e) of that title. See 529 F.3d at 158. We express no opinion on the resultant circuit split at this time.

application without explanation, and Jefferson timely appealed.

Common law writs such as audita querela and coram nobis can be used to the extent they "fill in the gaps" in post-conviction remedies. United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001). Here, Jefferson plainly attacks the consecutive ten-year prison term appended to his sentence by way of § 924(c)(1)(A). His lack of success in a previous § 2255 motion, however, does not render § 2255 inadequate or ineffective to challenge that portion of his sentence. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). Thus, Jefferson may not use the writ of audita querela to circumvent AEDPA's gatekeeping requirements. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (writ of audita querela unavailable where relief is cognizable under § 2255). And because Jefferson is still incarcerated, he cannot seek relief pursuant to the writ of coram nobis. See Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) ("coram nobis is not available when a petitioner is in custody and may not be used to avoid AEDPA's gatekeeping requirements").

There being no substantial question presented by Jefferson's appeal, we will summarily affirm the District Court's order denying relief. See LAR 27.4; I.O.P. 10.6.

3