**UNITED STATES of America, Appellee,**

v.

**Johnny PAIGE, Defendant,**

**Julius Williams–Bethal, Defendant–Appellant.**

No. 08–3304–cr.

United States Court of Appeals, Second Circuit.

June 18, 2009.

Monica J. Richards, Assistant United States Attorney, of counsel, for Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York, Buffalo, N.Y., for Appellee.

M. Kirk Okay, Batavia, N.Y., for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges, Hon. EDWARD R. KORMAN, District Judge.*

### SUMMARY ORDER

Defendant–Appellant Julius Williams–Bethal appeals from the judgment of the United States District Court for the Western District of New York (Larimer, *J.* ), which convicted him after a jury trial of several drug-trafficking offenses, and, after a second trial, of a charge of receiving a firearm while under indictment. Williams–Bethal contends that the District Court erred in (1) failing to suppress a statement that was allegedly obtained in violation of the *Miranda* doctrine, and (2) admitting expert witness testimony that

---

* The Honorable Edward R. Korman, Senior Judge of the United States District Court for the Eastern District of New York, sitting by designation.

allegedly usurped the role of the jury and impermissibly bolstered a prosecution witness. He also argues that he is entitled to resentencing based on this Court's opinion in *United States v. Williams,* 558 F.3d 166 (2d Cir.2009), which was decided after he filed this appeal.[1] We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

█ In considering a district court's resolution of a suppression motion, this Court reviews findings of fact for clear error and legal questions *de novo. United States v. Stewart,* 551 F.3d 187, 190–91 (2d Cir.2009). The central question stemming from Williams–Bethal's challenge to the denial of his suppression motion is whether Williams–Bethal was subjected to police interrogation. Given the standard set forth in *Rhode Island v. Innis,* 446 U.S. 291, 300–02, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980), we agree with the District Court that Williams–Bethal was not subjected to interrogation, and therefore that there was no violation of the *Miranda* doctrine.

█ As to Williams–Bethal's contention that the expert testimony was erroneous admitted, we first note that a "trial judge has broad discretion in the matter of the admission or exclusion of expert evidence, and his action is to be sustained unless manifestly erroneous." *United States v. Brown,* 776 F.2d 397, 400 (2d Cir.1985) (internal quotation marks omitted). As in *United States v. Tapia–Ortiz,* 23 F.3d 738 (2d Cir.1994), the District Court did not abuse its discretion in finding that the subject of the expert testimony had "esoteric aspects reasonably perceived as beyond the ken of the jury." *Id.* at 740. Insofar as the expert witness's testimony tended to establish that the equipment and quantities of drugs that traffickers use in the course of distribution generally, that information was beyond the ken of the jury for the purposes of Fed.R.Evid. 702. *See United States v. Taylor,* 18 F.3d 55, 60 (2d Cir.1994). Insofar as the testimony was not limited to abstract propositions but actually analyzed the evidence in light of those propositions, that limited analysis was not impermissible under the circumstances. *See United States v. Mejia,* 545 F.3d 179, 195 (2d Cir.2008); *United States v. Aminy,* 15 F.3d 258, 259–60 (2d Cir. 1994). Williams–Bethal did not object, at trial, based on an assertion that the expert's testimony "bolstered" that of a government witness. Indeed there was no improper bolstering. The government witness testified that he sold the glass pipes in question, not that the pipes were "door prizes," as the expert testified. There was therefore no error in admitting the expert testimony, let alone error that was "plain" or "manifest."

█ Williams–Bethal was sentenced for, *inter alia,* two drug counts, each of which carried a ten-year minimum sentence, and for a gun count (violation of 18 U.S.C. § 924(c)(1)), which carried a lesser five-year consecutive minimum sentence. It is undisputed that the sentencing structure here is identical to that addressed in *United States v. Williams,* 558 F.3d 166 (2d Cir.2009), where we held "that the mandatory minimum sentence under Section 924(c)(1)(A) is ... inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense." *Id.* at 168; *see also*

---

1. Although "[n]ormally, we will not consider arguments raised for the first time in a reply brief, let alone [at or] after oral argument." *Keefe v. Shalala,* 71 F.3d 1060, 1066 n. 2 (2d Cir.1995), this rule is not jurisdictional and we decline to apply it here as in *United States v. Barnes,* 158 F.3d 662, 672–73 (2d Cir. 1998).

*United States v. Whitley,* 529 F.3d 150 (2d Cir.2008), *reh'g denied,* 540 F.3d 87 (2d Cir.2008). As in *Williams,* we conclude that remand for resentencing is required pursuant to *United States v. Regalado,* 518 F.3d 143 (2d Cir.2008).

We have considered all of Appellant's other claims, and we find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED in part, and VACATED and REMANDED in part for further proceedings consistent with this order.