09-0122-cr
United States v. Session

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26ᵗʰ day of May, two thousand ten.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
        ROGER J. MINER,
        RICHARD C. WESLEY,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
      <u>Appellee</u>,

      -v.-                              09-0122-cr

DARYL SESSION, aka DAZZY,
      <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                Matthew M. Robinson, Robinson & Brandt, PSC., Covington, Kentucky.

FOR APPELLEES:                Monica J. Richards, *for* Kathleen M. Mehltretter, United States Attorney's Office for the

Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Daryl Session was convicted on two counts of possession with intent to distribute cocaine and cocaine base, and one count of possessing a firearm in furtherance of a drug trafficking felony. He was sentenced principally to three concurrent terms of 396 months' imprisonment. On appeal, Session argues that the district court committed various procedural errors at sentencing. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

[1] Session argues that the district court departed upward without providing the notice contemplated in Federal Rule of Criminal Procedure 32(h). There is some question as to whether such notice was required in this case in light of the Supreme Court's decision in <u>Irizarry v. United States</u>, 553 U.S. 708 (2008), but we need not resolve that issue. Instead, we conclude that, even if notice was required, notice was given when the district court indicated at a pre-sentencing hearing that it was "thinking of matters that might lead the Court to impose a sentence outside the guidelines." It then went on to delineate explicitly the very considerations of which Session now contends he was never made aware.

[2] Session argues that the district court contravened 18 U.S.C. § 3553(c)(2) by failing to explain in the written judgment the rationale for a non-Guidelines sentence. Session misreads the record. The district court did, in fact, explain its reasons for the sentence in its written judgment, and it did so in detail more than sufficient to satisfy the statute.

[3] Session argues that the district court erred in relying on U.S.S.G. § 4A1.3(a)(1) to depart upward for Session's involvement in the murder-for-hire scheme. But the district court did not rely on § 4A1.3(a)(1) for this purpose.

2

Session's involvement in the murder-for-hire plot was considered as part of the analysis of the 18 U.S.C. § 3553(a) factors. As the district court observed, such conduct bears on the history and characteristics of the defendant, the need to deter, and the need to protect the public from future crimes.

**[4]** Session asserts that the sentence violates this Court's decisions in <u>United States v. Whitley</u>, 529 F.3d 150 (2d Cir. 2008), and <u>United States v. Williams</u>, 558 F.3d 166 (2d Cir. 2009). We disagree. When <u>Whitley</u> applies, it operates to make non-mandatory the otherwise required consecutive sentence provided for in 18 U.S.C. § 924(c). <u>United States v. Whitley</u>, 540 F.3d 87, 89 (2d Cir. 2008) (denial of petition for rehearing). By the same token, <u>Whitley</u> "leaves sentencing judges free to impose precisely the same number of years" that would result from a mandatory application of the § 924(c) consecutive sentence, "but authorizes them to do so as a matter of discretion, not as a requirement." <u>Id.</u> Here, the record is clear that the 60-month increment to the applicable guideline range was in the exercise of *discretion*. The court explicitly noted that it was not *required* to do so.

Finding no merit in Session's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3