DLD-227                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2387
_____

UNITED STATES OF AMERICA

v.

CARL JEFFERSON,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-00-cr-00469-001)
District Judge:  Honorable Petrese B. Tucker

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 30, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges.

(Filed: July 15, 2011 )
_____

OPINION
_____

PER CURIAM

     Appellant Carl Jefferson appeals from an order of the District Court denying his

motion pursuant to 18 U.S.C. § 3582(c)(2).  We will summarily affirm.

Pursuant to a binding plea agreement with the Government, Jefferson pleaded guilty in March of 2001 to the following three counts on which he was indicted: 1) possession with intent to distribute cocaine base, in violation of 21 U.S. C. §§ 841(a) and 841(b)(1)(D); 2) carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and 3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The District Court imposed the statutory mandatory minimum sentence of 180 months of imprisonment, which included 120 months for the drug offense. We affirmed Jefferson's conviction and sentence on direct appeal. See United States v. Jefferson, 57 F. App'x 934 (3d Cir. 2003).

In August 2010, Jefferson filed in the District Court a motion to reduce his sentence pursuant to18 U.S.C. § 3582(c)(2), based on Amendments 706 and 711 to the United States Sentencing Guidelines ("USSG") authorizing a reduction, effective retroactively, to the base guideline offense level for distribution and conspiracy offenses involving cocaine base. The District Court denied Jefferson's § 3582 motion, as well as his subsequent motion for reconsideration. Jefferson timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's decision to deny Jefferson's motion to reduce his sentence pursuant to § 3582(c)(2) for abuse of discretion. United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).

A District Court may reduce a defendant's sentence under § 3582 "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range

2

that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). However, a district court's § 3582 authority to reduce sentences based on amended guideline ranges is limited by § 1B1.10, which provides, in relevant part, that a reduction is not authorized under 18 U.S.C. § 3582(c)(2) if the "amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Commentary on the revision elaborates: "The amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." Id., app. note 1(A).

In November 2007, the Sentencing Commission issued Amendment 706, which reduced the base offense level for crack cocaine offenses under § 2D1.1(c) by two levels.[1] See U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). The Commission later made the amendment retroactively applicable. See U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008).

As indicated, Jefferson sought to have his sentence reduced as result of those amendments. However, they do not apply here because Jefferson was sentenced to a

---

[1] Amendment 706 was subsequently amended by Amendment 711.

mandatory minimum sentence required by statute.  See United States v. Doe, 564 F.3d 305, 311-12 (3d Cir. 2009) (holding that Amendment 706 did not have the effect of lowering the applicable guideline range where the defendants received statutory mandatory minimum sentences and thus the defendants were not eligible for relief under § 3582).

Because the District Court did not abuse its discretion in denying Jefferson's motion to reduce his sentence, or his motion for reconsideration,[2] we will summarily affirm.  See Third Cir. LAR 27.4; I.O.P. 10.6.

---

[2] Jefferson did not demonstrate any valid basis for granting the motion for reconsideration, such as intervening change in controlling law, new evidence, or the need to correct clear error of law or fact or prevent manifest injustice.  See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).